## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **SHARON HUBBARD,** | : | **CIVIL ACTION NO.** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TOTAL COMMUNICATIONS, INC.,** | : | |
| **Defendant** | : | **SEPTEMBER 28, 2005** |
| | : | |

## <u>COMPLAINT</u>

**INTRODUCTION**

1.      This is an action for money damages and other relief for violation of Title VII of

the Civil Rights Act of 1964, as amended, 42 U. S. C. Section 2000e *et seq.,* the Connecticut Fair

Employment Practices Act, C.G.S. § 46a-58 *et seq.*, and the Connecticut Workers' Compensation

Act, C.G.S. § 31-275 *et seq.*

**THE PARTIES**

2.      The Plaintiff, Sharon Hubbard, is an individual presently residing in South

Windsor, Connecticut.

3.      The Defendant, Total Communications, Inc., is a corporation duly licensed to

transact business in the State of Connecticut.  At all times pertinent to this Complaint.  Defendant

has had offices located at East Hartford, Connecticut.

4.      At all times pertinent to this Complaint, Defendant was and is an employer who is

subject to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U. S. C.

1

Section 2000e *et seq.,* and the Connecticut Fair Employment Practices Act, C.G.S. § 46a-58 *et seq.* Defendant engages in interstate commerce and at all relevant times has employed more than 100 employees.

**JURISDICTION**

5.      The United States District Court for the District of Connecticut has subject matter jurisdiction over this case under the provisions of 28 U.S.C. § 1343(3) because it asserts claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e *et seq.* Supplemental jurisdiction over Plaintiff's claims under the Connecticut Fair Employment Practices Act and the Connecticut Workers' Compensation Act is conferred under the provisions of 28 U.S.C. Sec. 1367.

**PROCEDURAL REQUIREMENTS**

6.      On May 20, 2004,  Plaintiff filed a charge of discrimination with the Connecticut Commission on Human Rights and Opportunities, which in turn filed Plaintiff's charge with the Equal Employment Opportunity Commission.

7.      On September 16, 2005, the Connecticut Commission on Human Rights and Opportunities, issued Plaintiff a Release of Jurisdiction authorizing Plaintiff to commence a civil action against the Defendant within 90 days from the receipt of such Notice.

8.      On September 15, 2005, the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue authorizing Plaintiff to commence a civil action against the Defendant within 90 days from the receipt of such Notice.

**BACKGROUND**

9.      Plaintiff began working for the Defendant on June 23, 1984 as a dispatcher.

10.     At all times during her employment with Defendant, Plaintiff performed her job with competence and diligence.

11.     During Plaintiff's tenure of employment, she did not get her annual review and raise in a timely manner, while male employees received timely raises and reviews.  Plaintiff complained of this discriminatory practice on several occasions.

12.     On May 1, 2003, Plaintiff suffered an injury to her left thumb and wrist.  Plaintiff thereafter filed a workers compensation claim.

13.      In December of 2003, Plaintiff had surgery, which resulted in her being out from work for approximately two weeks.

14.     On March 4, 2004, Plaintiff sent an e-mail to Rhonda Tassie, Secretary to the President, informing her that Plaintiff wished to file another workers' compensation claim relating to her right hand, wrist, and forearm.

15.     During the weekend of March 6 and 7, 2003, Plaintiff's internet access at her computer workstation was disconnected.  The internet access was never restored.

16.     On March 8, 2004, Joe Gay, Operations Manager, sent a company-wide e-mail which stated that "Total Communications records & monitors Internet activity" and that "a Total Communications Internet policy will be published shortly."

17.     On March 9, 2004, Richard J. Lennon, President, sent an e-mail "re: Excessive Internet Use."

18.     Mr. Lennon's e-mail stated that "Internet access during the course of your workday should be limited to use relative to your job function and not personal use.  Employees may access the Internet before work, during lunch or after work within reason for personal use.  Please be advised employees found browsing the web during the course of the workday will be disciplined accordingly."

19.     On March 9, 2004, Ms. Tassie gave Plaintiff the workers' compensation form to complete.  Plaintiff completed the form and gave it back to Ms. Tassie the same day.

20.     The very next day, March 10, 2004, Plaintiff was asked to meet with Mr. Gay and Joe Binimelis, Service Manager, in Mr. Gay's office.

21.     When Plaintiff arrived in Mr. Gay's office, another co-worker, Marissa Meyers was present.  Mr. Gay then told Plaintiff that she was being "let go" for excessive internet usage.

22.     Plaintiff subsequently received a "pink slip" from Mr. Gay advising that Plaintiff was "discharged for willful misconduct."

23.     Upon information and belief, male employees of the Defendant were not discharged for excessive internet usage.  Moreover, Plaintiff states on information and belief male employees have been known to view pornographic images during working hours and have not been terminated for such behavior.

**COUNT ONE:          HARASSMENT AND DISCRIMINATION IN THE TERMS AND CONDITIONS OF EMPLOYMENT BASED ON GENDER IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. §§ 2000e *et seq.***

24.     Based on the foregoing, with specific reference to Paragraphs 9 through 23 above, Plaintiff was harassed and discriminated against in the terms and conditions of her employment on the basis of her gender in violation Title VII of the Civil Rights Act of 1964, as amended, 42 U. S. C. §§ 2000e *et seq.*

25.     The aforesaid actions and omissions on the part of Defendant were with malice and were intentional in that they were willful, wanton, and/or were taken in reckless disregard of the Plaintiff's rights.

26.     Defendant has a pattern and practice of discriminating against female employees on account of their gender.

27.     As a result of the aforesaid unlawful acts, Plaintiff has suffered damages, including mental anguish, severe emotional distress, humiliation, and embarrassment.

28.     As a further result of the actions of Defendant, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this action.

**COUNT TWO:          HARASSMENT AND DISCRIMINATION IN THE TERMS AND CONDITIONS OF EMPLOYMENT BASED ON GENDER IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, CONN. GEN. STAT. §§  46a-58 *et seq.***

29.     Based on the foregoing, with specific reference to Paragraphs 9 through 23 above, Plaintiff was harassed and discriminated against in the terms and conditions of her employment on the basis of her gender in violation of the Connecticut Fair Employment

5

Practices Act, Conn. Gen. Stat. §§ 46a-58 *et seq.*

30.     The aforesaid actions and omissions on the part of Defendant were with malice and were intentional in that they were willful, wanton, and/or were taken in reckless disregard of the Plaintiff's rights.

31.     Defendant has a pattern and practice of discriminating against female employees on account of their gender.

32.     As a result of the aforesaid unlawful acts, Plaintiff has suffered damages, including mental anguish, severe emotional distress, humiliation, and embarrassment.

33.     As a further result of the actions of Defendant, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this action.


**COUNT THREE:     TERMINATION BASED ON GENDER IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. §§ 2000e *et seq.***

34.     Based on the foregoing, with specific reference to Paragraphs 9 through 23 above, Plaintiff was terminated based on her gender in violation of the Civil Rights Act of 1964, as amended, 42 U. S. C. §§ 2000e *et seq.*

35.     The aforesaid actions and omissions on the part of Defendant were with malice and were intentional in that they were willful, wanton, and/or were taken in reckless disregard of the Plaintiff's rights.

36.     Defendant has a pattern and practice of discriminating against female employees on account of their gender.

37.     As a result of the aforesaid unlawful acts, Plaintiff has suffered damages,

including mental anguish, severe emotional distress, humiliation, and embarrassment.

38.    As a further result of the actions of Defendant, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this action.

**COUNT FOUR:**    **TERMINATION BASED ON GENDER IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, CONN. GEN. STAT. §§ 46a-58 *et seq.***

39.    Based on the foregoing, with specific reference to Paragraphs 9 through 23 above, Plaintiff was terminated on the basis of her gender in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-58 *et seq*.

40.    The aforesaid actions and omissions on the part of Defendant were with malice and were intentional in that they were willful, wanton, and/or were taken in reckless disregard of the Plaintiff's rights.

41.    Defendant has a pattern and practice of discriminating against female employees on account of their gender.

42.    As a result of the aforesaid unlawful acts, Plaintiff has suffered damages, including mental anguish, severe emotional distress, humiliation, and embarrassment.

43.    As a further result of the actions of Defendant, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this action.

**COUNT FIVE:**    **RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. §§ 2000e *et seq*.**

44.    Based on the foregoing, with specific reference to Paragraphs 9 through 23 above, Defendant retaliated against Plaintiff for her having complained of gender discrimination

7

in the workplace, insofar as she was harassed and ultimately terminated in retaliation for having voiced opposition to gender discrimination and unequal pay.  Said retaliatory actions and omissions of Defendant are in violation of the Civil Rights Act of 1964, as amended, 42 U. S. C. §§ 2000e *et seq.*

45.     The aforesaid actions and omissions on the part of Defendant were with malice and were intentional in that they were willful, wanton, and/or were taken in reckless disregard of the Plaintiff's rights.

46.     As a result of the aforesaid unlawful acts, Plaintiff has suffered damages, including mental anguish, severe emotional distress, humiliation, and embarrassment.

47.     As a further result of the actions of Defendant, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this action.


**COUNT SIX:**          **RETALIATION IN VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, CONN. GEN. STAT. §§ 46a-58 *et seq.***

48.     Based on the foregoing, with specific reference to Paragraphs 9 through 23 above, Defendant retaliated against Plaintiff for her having complained of gender discrimination and in the workplace, insofar as she was harassed, discriminated in the terms and conditions of employment, and ultimately terminated in retaliation for having voiced opposition to gender discrimination and unequal pay.  Said retaliatory actions and omissions of Defendant are in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§. 46a-58 *et seq.*

49.     The aforesaid actions and omissions on the part of Defendant were with malice and were intentional in that they were willful, wanton, and/or were taken in reckless

8

disregard of the Plaintiff's rights.

50.     As a result of the aforesaid unlawful acts, Plaintiff has suffered damages, including mental anguish, severe emotional distress, humiliation, and embarrassment.

51.     As a further result of the actions of Defendant, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this action.


**COUNT SEVEN:     RETALIATION AND TERMINATION IN VIOLATION OF CONNECTICUT WORKERS' COMPENSATION ACT, CONN. GEN. STAT. §§ 31-275 *et seq.***

52.     The stated reason for Plaintiff's termination–willful misconduct as a result of excessive internet usage–was false, and a pretext for retaliation based on the fact that Plaintiff filed a workers' compensation claim.

53.     By so terminating Plaintiff, Defendant violated C.G.S. § 31-290a.

54.     The aforesaid actions and omissions on the part of Defendant were with malice and were intentional in that they were willful, wanton, and/or were taken in reckless disregard of Plaintiff's rights.

55.     As a result of the aforesaid unlawful acts, Plaintiff has suffered and continues to suffer damages, including loss of employment, salary, and fringe benefits, promotional opportunities, mental anguish, harm to reputation, emotional distress, humiliation and embarrassment.

56.     As a further result of the actions of Defendant, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this action.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff claims:

1.      Compensatory damages, including damages for emotional distress;

2.      Back pay;

3.      Front pay;

4.      Punitive damages;

5.      Interest and costs;

6.      Statutory attorneys' fees, as permitted in connection with claims under Title VII of the

        Civil Rights Act of 1964, as amended, 42 U. S. C. Section 2000e *et seq.,* the Connecticut

        Fair Employment Practices Act, C.G.S. § 46a-58 *et seq.*, and the Connecticut Workers'

        Compensation Act, C.G.S. § 31-275 *et seq.*

7.      Reinstatement, with reinstatement of full seniority and job benefits; and

8.      Such other relief as in law or equity may pertain.


**JURY DEMAND**

        Plaintiff demands a trial by jury.

                                        PLAINTIFF,
                                        SHARON HUBBARD


                                        By:    _____
                                               William G. Madsen (ct09853)
                                               Madsen, Prestley & Parenteau, LLC
                                               44 Capitol Ave., Suite 201
                                               Hartford, CT 06106
                                               (860) 246-2466 (tel.)
                                               (860) 246-1794 (fax)