UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| SHARON HUBBARD, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:05-cv-1514 (VLB) |
| TOTAL COMMUNICATIONS, INC., | : | |
| Defendant. | : | December 18, 2007 |

**ORDER GRANTING THE DEFENDANT'S MOTION FOR PERMISSION TO INTERVIEW JURORS AFTER TRIAL [DOC. #101]**

The defendant's motion seeking permission to interview the jury post-verdict and after the jury was excused is GRANTED, although court permission is not required.

Local Rule 83.5 provides that: "No person, other than the Court or Court personnel, shall contact or communicate with . . . a juror . . . *during jury selection or trial*, concerning the subject matter of the trial or the juror's participation in the trial, except with the permission of and under the supervision of the Court." D. Conn. L. Civ. R. 83.5(a) (emphasis added). This court has found and the defendant has cited no legal authority pursuant to which the court may preclude a party from communicating with a juror after a verdict is rendered.

While the Federal Rules of Civil Procedure do not expressly prohibit contact with members of the jury after trial, parties and their counsel are cautioned that "[j]urors have no obligation to speak to any person about any case and may refuse all interviews or requests to discuss the case. Jurors may only

speak or write about their own participation in the trial. Jurors may not discuss the deliberations of the jury, votes of the jury, or the actions or comments of any other juror." D. Conn. L. Civ. R. 83.5(b). In addition, "*[n]o party, and no attorney or person acting on behalf of a party or attorney*, shall question a juror concerning the deliberations of the jury, votes of the jury or the actions or comments of any other juror." D. Conn. L. Civ. R. 83.5(c) (emphasis added).

Any person who contemplates interviewing a juror should be advised that "[n]o person may contact, communicate with or interview any juror in any manner which subjects the juror to harassment, misrepresentation, duress or coercion." D. Conn. L. Civ. R. 83.5(d). They should also be mindful of the fact that jurors are advised that they must "report to the Court any extraneous prejudicial information improperly brought to the jury's attention, any outside influence improperly brought to bear upon any juror, or whether the verdict reported was the result of a clerical mistake." D. Conn. L. Civ. R. 83.5(b).

This court notes that it has not been advised of and has no independent knowledge of any irregularity involving or misconduct by any juror in this case, nor does the defendant cite any in support of its motion. This ruling is entered to clarify the fact that this court is not impeding the parties from engaging in conduct permitted by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____/s/_____

**Vanessa L. Bryant**

**United States District Judge**


**Dated at Hartford, Connecticut: December 18, 2007.**