UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHARON HUBBARD, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:05-cv-1514 (VLB) |
| TOTAL COMMUNICATIONS, INC., | : | |
|     Defendant. | : | June 10, 2009 |

**MEMORANDUM OF DECISION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR POST-JUDGMENT INTEREST  [Doc. #141]**

This matter is before the Court on the plaintiff's motion for post-judgment interest pursuant to 28 U.S.C. § 1961(a).  Based on the court's review of the motion, the defendant's objection [Doc. 147], the facts and the law as forth below, the motion is GRANTED.

I.  Facts

On September 28, 2005, the plaintiff, Sharon Hubbard, brought a seven count complaint against the defendant, Total Communications, Inc. ("Total"). Counts one and two alleged that Total discriminated against Hubbard in the terms and conditions of her employment on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) ("Title VII") and the Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-58 et seq. ("CFEPA"); counts three and four alleged that Total terminated Hubbard on the basis of her gender in violation of Title VII and CFEPA; counts five and six alleged that Total retaliated against Hubbard for having opposed

1

gender discrimination in violation of Title VII and CFEPA;  and count seven alleged that Total retaliated against Hubbard for filing a claim for workers' compensation benefits in violation of Connecticut General Statutes § 31290a. On the basis of the evidence introduced at trial, the jury found that Total retaliated against her for having opposed gender discriminatory employment practices and awarded Hubbard in $100,000.00 in damages plus $50,000.00 in punitive damages.  On December 4, 2007, the Court entered judgment in favor of Hubbard in the amount of $150,000.

On January 14, 2008, as a prevailing party under Title VII, the plaintiff moved for an award of attorney's fees non-taxable costs, and pre-judgment interest pursuant to Conn. Gen. Stat. § 52-194a. The defendant did not contest the plaintiff's entitlement to fees, costs, and pre-judgment interest. On September 17, 2008, the Court awarded the plaintiff $176,383.80 in attorney's fees and $397.44 in costs, and pre-judgment interest on the sum of the jury award, attorney's fees, and non-taxable costs. As Hubbard's motion for taxable costs has been denied pending the resolution of Total's appeal, the current award stands at $418,553.97. On September 29, 2008, Hubbard filed the instant motion for post-judgment interest on the entire award. Total does not contest Hubbard's entitlement to post-judgment interest, but argues that interest did not begin to accrue on the attorney's fees and costs until they were quantified and awarded by the Court on September 17, 2008.

II. Discussion

The Second Circuit has not yet decided whether post-judgment interest accrues on attorney's fees and costs from the date of judgment or from the date that such an award is quantified. Hubbard urges the Court to apply the so-called "majority rule" applied by Judge Arterton in <u>Albahary v. City and Town of Bristol</u>, 96 F.Supp.2d 121 (D. Conn. 2000) and adopted by the Federal, Fifth, Sixth, Eighth, Ninth, and Eleventh Circuits, by which the plaintiff is entitled to post-judgment interest on attorney's fees and costs from the time that the plaintiff was entitled to those costs, regardless of when they are quantified. Total conversely urges the Court to employ the so-called "minority rule" arguably applied in two cases in the Southern District of New York[1] and adopted by the Third, Seventh, and Tenth Circuits, by which the plaintiff is only entitled to post-judgment interest on portions of the award as they are quantified.

Total cites <u>Kaiser Aluminum & Chemical Corporation v. Bonjorno</u>, 494 U.S. 827, 836 (1990), which held that interest should not accrue on a judgment that was later reduced for the proposition that attorney's fees were not meaningfully ascertained until the Court granted Hubbard's motion for fees. However, <u>Kaiser Aluminum</u> dealt with damages in a judgment that was later overturned, and the Supreme Court divined Congress' intent against awarding interest on damages unsupported by the evidence. <u>Kaiser Aluminum</u> did not otherwise consider any

---

[1] <u>See, e.g., Collins v. Stolzenberg</u>, 970 F.Supp. 303, (S.D.N.Y. 1997); <u>Petrovits v. N.Y.C. Transit Auth.</u>, 2004 U.S. Dist. LEXIS 174 (S.D.N.Y. Jan. 6, 2004).

equitable issues or offer guidance on the situation now before the Court.

The statute reads: "Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . . Such interest shall be calculated from the date of the entry of the judgment." 28 U.S.C. § 1961(a). The parties agree that an award of attorney's fees is a "judgment" under the terms of the statute. They disagree as to whether the "judgment" was entered on December 4, 2008, for the underlying claim entitling the plaintiff to attorney's fees and costs, or on September 17, 2008, when the Court quantified fees and costs.

The Court in <u>Albahary</u> reasoned that "while the fee-paying party is under no legal compulsion to satisfy its obligation before quantification, it also 'suffers no prejudice from any delay . . . because it has use of the money in the interim and is only accruing an interest liability at the U.S. Treasury Bill rate.'" <u>Albahary</u>, 96 F.Supp.2d at 123, quoting <u>Jenkins by Agyei v. State of Missouri</u>, 931 F.2d 1273 (8th Cir. 1991). <u>Albahary</u> has been widely cited and applied across the Circuit and is now the dominant standard within the Second Circuit.[2]

The facts of this case make adherence to the majority rule particularly reasonable. The plaintiff has been awarded prejudgment interest at the statutory rate of 12% on her judgment, which includes costs and attorney's fees. The Court

---

[2] <u>See, e.g., King v. JCS Enters. Co.</u>, 325 F.Supp.2d 162, (E.D.N.Y. 2004); <u>Pappas v. Watson Wyatt & Co.</u>, 3:04CV304 (EBB), 2008 WL 350633 at *3 (D.Conn., Feb. 7, 2008) ("Under 28 U.S.C. § 1961, the Plaintiff is entitled to post-judgment interest on any money judgment in a civil case recovered in a district court. Courts have held that the phrase any money judgment includes a judgment awarding attorneys' fees"); <u>Forest Labs, Inc. v. Abbott Labs.</u>, No. 96-CV-159S, 2006 U.S. Dist. LEXIS 33743 (May 16, 2006); <u>Aiello v. Town of Brookhaven</u>, 94CV2622, 2005 WL 1397202 (E.D.N.Y. June 13, 2005) (following <u>Albahary</u> in adopting majority rule).

can imagine no equitable reason to award interest at 12% on the plaintiff's attorney's fees from September 28, 2005 until December 4, 2007, to then cease accruing interest on the date of judgment, only to commence once more nine months later. This "doughnut hole" of delay would benefit the defendant at the expense of the plaintiff, who is responsible for paying her attorneys even though the defendant has not satisfied the judgment against it. If interest is accruing on the unpaid attorney's fees, it should be paid by the defendant, whose conduct the jury found wrongful, rather than the injured party. But for the defendant's wrongful conduct, the plaintiff would never have incurred attorney's fees in the first place, and the strong remedial purpose of Title VII demands she be made whole. Therefore, the Court aligns itself with the majority view across the Circuits and within this district and awards the plaintiff post-judgment interest accruing from December 4, 2007.

                                            IT IS SO ORDERED.

                                            _____/s/_____

                                            Vanessa L. Bryant
                                            United States District Judge

Dated at Hartford, Connecticut: June 10, 2008.